The Appellate Division of the Civil Court of Fulton County did not err in affirming the judgment of the trial court.
 DECIDED OCTOBER 21, 1949. REHEARING DENIED NOVEMBER 17, 1949.
Mrs. M. F. Saul, landlord, brought a dispossessory proceeding against H. D. Bryant, tenant, in the Civil Court of Fulton County. The defendant filed a counter-affidavit and bond. The jury found for the plaintiff and the judge awarded the plaintiff double rent. The defendant's motion for a new trial was overruled. He appealed to the Appellate Division of the Civil Court of Fulton County where the lower court's judgment was affirmed. The ruling of the Appellate Division is assigned as error.
The amended warrant sets out that the plaintiff "seeks in good faith to recover possession of the housing accommodations at 234 Rawson Street, S.W., Atlanta, Georgia for her immediate and personal use and occupancy as housing accommodations (Section 209 (a) (3) Housing and Rent Act of 1947." Notice and demand by the plaintiff was stipulated. *Page 454 
Mrs. Mary F. Saul, the plaintiff, testified in substance as follows; that she owned the property at 234 Rawson Street; that she rented it to Mr. Bryant, the defendant; that he and his mother were supposed to live there but that neither had moved in; that she was a sick woman with heart trouble and under doctors' care; that she has "aggravation" every night; that she wanted possession of the premises so that her sister and niece and other members of her family could move in with her to take care of her; that very rough people lived on the premises and she couldn't stay there because of her condition; that these people had broken down her doors; that she wanted possession of the premises for herself; that she did not intend to re-rent the premises; that she did not know how many people live on the property Mr. Bryant was renting from her but there were 16 to 18 boys and girls; that about nine of her family would occupy the premises if she obtained possession; that Mr. Bryant rented about ten rooms from her and she lived in four; that she did not intend to charge rent for her family's living there; that she had tried to stop all the rough goings-on on the premises by repeatedly calling the police; that she couldn't go out in her yard without the people occupying the premises throwing bottles and stones at her and calling her bad names; that she had no children and was a widow. H. D. Bryant, the defendant, testified substantially as follows: that he never told the plaintiff he would occupy the premises himself; that he just asked to rent the property; that he told her he was going to rent the property to people who were in need of housing accommodations; that some of the people were already in there when he rented the premises and that all of these had moved except one family; that he rents nine rooms from the plaintiff; that the premises as a whole was a duplex and that he believed the plaintiff had nine rooms on her side as he rented nine rooms on the other; that the plaintiff lived on the property alone, with nine rooms; that the witness believed eleven people lived in the rooms he rented from the plaintiff; that he had five rent-paying tenants; that the plaintiff had never complained to him about any damage to her property; that he kept the property in repair to the best of his ability; that he had not heard of any broken doors; that he did have one tenant who got drunk one weekend and he got him out the next *Page 455 
week; that he was not necessarily reluctant to give up the premises as an income proposition as Mrs. Saul had attempted for some time to get possession of the property for herself, for more than a year; that his mother stayed on the premises about a night or two when he first rented them.
Under the provisions of USCA, Title 50, § 1899 (a) (2) the jury was authorized to find that the plaintiff's primary purpose in seeking possession of the premises was for her own immediate and personal use and that the intention of allowing her family to occupy them is, under the circumstances, a part of her personal use, especially in view of the plaintiff's ill health. (The case does not involve an apartment house or duplex in the common sense of the word, but a large house superficially divided by the locking of doors into separate living quarters.) We do not think that the plaintiff's testimony was so vague and contradictory as to require a finding against her. It is apparent from the record that the plaintiff could not speak English fluently. The jury heard and saw the plaintiff and was in a better position to evaluate her testimony. The Appellate Division of the Civil Court of Fulton County did not err in affirming the judgment of the trial court.
Judgment affirmed. Sutton, C. J., and Worrill, J., concur.